41 F.3d 1504
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ronald E. JARMUTH, Plaintiff-Appellant,
v.
Wallace H. WEISS, Defendant-Appellee.
 No. 93-1290.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 10, 1993.
Decided Nov. 21, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-92-1093-A)
 Ronald E. Jarmuth, Appellant Pro Se. Wallace H. Weiss, Appellee.
 E.D.Va.
 AFFIRMED. Before WIDENER and MURNAGHAN, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Jarmuth appeals the district court's judgment as a matter of law in favor of the defendant, Weiss, on civil charges of assault, battery, slander, and libel, and petitions this court for a protective order to prevent dissemination of his medical records outside the present litigation. We affirm the judgment of the district court and deny the petition for a protective order.
 
 
 2
 Jarmuth alleged that on March 30, 1992, he suffered serious injury and pain when Weiss, a co-worker in the office of the Army Chief of Staff, attacked him, and that Weiss maliciously and falsely accused him of violating various regulations and statutes, and made untrue and injurious statements about him to co-workers.
 
 
 3
 The parties proceeded, representing themselves, to jury trial. At the close of Jarmuth's evidence, Weiss asked the court to dismiss the case. The district court properly construed the request as a motion for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure. It granted the motion and entered judgment for the defendant. Plaintiff appeals.
 
 
 4
 We have reviewed the record and find that "there can be but one conclusion as to the verdict that reasonable jurors could have reached." Gairola v. Virginia Dep't of Gen. Servss, 753 F.2d 1281, 1285 (4th Cir.1985). Even if we give Jarmuth the benefit of assuming, without finding, that the district court was not in error in its conclusion that the evidence presented on the first claim might possibly support a finding of tortious conduct or of injury based on the testimony of the chiropractor who examined him several months following the alleged attack, we nevertheless conclude that a reasonable jury could not find a causal connection between the alleged tortious conduct and the alleged injury. We therefore affirm on the reasoning of the district court.
 
 
 5
 Likewise, as to the charges of slander and libel, Jarmuth failed to make a prima facie case as to the necessary elements of at least a part of that claim, see Gazette, Inc. v. Harris, 325 S.E.2d 713(Va), cert. denied, 472 U.S. 1032 (1985), and, in all events, the district court correctly found that Weiss's conduct was within the protection of qualified privilege. Thus, there were no jury questions, and we accordingly affirm the district court's grant of judgment on both the assault and defamation claims.
 
 
 6
 Finally, Jarmuth seeks a protective order by this court to enjoin Weiss from using documents received through discovery for any purpose outside this litigation. We know of no statutory authority for this court to issue such an order, and Jarmuth did not appeal the district court's denial of the motion for a protective order that he filed in that court. He had filed his notice of appeal in the instant case before he filed his motion in the district court. Accordingly, we deny Jarmuth's motion for a protective order.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 JUDGMENT AFFIRMED; PETITION DENIED